

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable John L. Compton
Assistant County Attorney
Liberty County
Liberty, Texas

Opinion No. 0-4532

Re: County judge's trial fees.

Dear Sir:

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The County Clerk of this County has requested that this office obtain a ruling from you upon the following question:

"Is the County Judge entitled to a trial fee of $3.00 where a case has been settled by the parties and disposed of by an order of dismissal?

"I have advised the County Clerk that it is my construction of Section 2 of Article 3926, of the Revised Civil Statutes of 1925, which reads as follows:

" '. . . for each civil cause finally disposed of by him by trial <u>or otherwise</u> $3.00 to be taxed against the party cast in the suit . . .'

that under the facts stated the County Judge would be entitled to the trial fee which should be taxed as costs by the County Clerk. It is my opinion that in view of the reading of the Statute which says 'by trial or otherwise' that the word or phrase 'otherwise' is all inclusive and includes any case finally disposed of whether by dismissal in any manner or by a judgment of any kind."

Article 3926, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

" . . .

"2. . . . For each civil cause finally disposed of
by him by trial or otherwise, three dollars, to be taxed
against the party cast in the suit; . . ."

Article 2089, Vernon's Annotated Texas Civil Statutes, reads as
follows:

"The plaintiff may enter a discontinuance on the docket
in vacation, in any suit wherein the defendant has not answered;
on the payment of all costs that have accrued thereon."

Article 3926, V.A.C.S., supra, allows a fee of $3.00 to the county
judge for each civil cause finally disposed of by him by trial or otherwise.
We think the county judge would be entitled to the fee when he finally disposed
of the case by his order of dismissal. However, we wish to point out, as held
in opinion No. 0-1144 of this department, a copy of which is enclosed for your
information, that the county judge would not be entitled to the fee where the
plaintiff in a civil case under the provisions of Article 2089, V.A.C.S., supra,
dismissed the suit in vacation before an answer was filed and paid the costs.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:GO:tlw

ENCLOSURE

APPROVED APR 15, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By /s/ BWB, Chairman